IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:06-cr-00583-TLW-2 |
| v. | **Order** |
| Timothy Dyson Bell | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 68, 72. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 360 months to Life (39/VI), followed by 10 years of supervised release. PSR ¶¶ 69, 75. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing five levels, his reduced Guidelines range became 262 to 327 months (34/VI). The Court imposed a 264-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 347. After several other reductions pursuant to Rule 35(b) and Guidelines amendments, his sentence was

1

ultimately reduced to 150 months.  ECF Nos. 501, 535, 700, 761.

Defendant was released from custody to serve his term of supervised release on September 1, 2017.  But less than two years after his release, the Court revoked his supervised release term and sentenced him to 57 months incarceration, with no supervised release to follow.  ECF No. 853.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii).  Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.  The Fourth Circuit has considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)— both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act."  *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted).  Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First

Step Act and 18 U.S.C. § 3582(c)(1)(B).[1]

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government argues that the Court should exercise its discretion to not reduce his sentence for numerous reasons, including that his crack weight greatly exceeded the current charging threshold of 280 grams, that he failed to change his actions despite numerous court interventions prior to this case, and that he continued to sell crack while on supervised release. *See* ECF No. 937 at 2. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, and the § 3553(a) factors.[2] In light of these considerations, the Court concludes that a sentence

---

[1] The fact that he is serving a revocation sentence does not impact the eligibility analysis. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) (concluding that a defendant serving a revocation sentence remains eligible for a sentence reduction under the First Step Act).

[2] The Court has considered in its analysis the issues raised in Defendant's motion, including his lack of prior convictions for crimes of violence, the limited about of time he had served on his prior convictions, whether he was correctly classified as a career offender at his original sentence (and that he would not be a career offender if sentenced today), that he is a so-called "drugs only" career offender, that the offense listed in the § 851 Information would no longer qualify for § 851 purposes, the impact that the lack of an enhancing conviction would have had on the Guidelines range for

reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (24 kilograms) that would have clearly supported a charge to the current threshold amount (280 grams); (2) he received a firearm enhancement; (3) he received a role adjustment; (4) he has a significant criminal history, including numerous prior drug convictions; and (5) his supervised release was revoked and a 57-month sentence, with no additional supervision term to follow, was imposed based on numerous violations, including new drug dealing offenses that resulted in new federal charges, an assault and battery conviction that resulted from him slapping the female victim after being involved in a vehicle collision, and two positive drug tests and subsequent failure to participate in drug treatment.[3] For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 922, is therefore **DENIED**.

---

his revocation sentence, and that the most serious violation in his revocation proceeding also resulted in a new federal conviction and sentence.

[3] In *Venable*, the Fourth Circuit did not "offer any opinion on what, if any, effect the fact that [the defendant] is serving a sentence for revocation of supervised release should have on the district court's assessment of his motion." 943 F.3d at 194. However, the Court concludes that it is proper to consider this factor. *See, e.g.*, *Wasman v. United States*, 468 U.S. 559, 572 (1984) ("[A] sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings."). But even if this factor could not be considered, the Court would still deny the First Step Act motion based on the other factors noted above.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

September 16, 2020
Columbia, South Carolina